IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

                 Crim. No. 98-82-KAJ
                 Civil No. 03-319-KAJ

v.

                 Judge: KENT A. JORDAN

CHRISTOPHER WILLIAM CLEMONS,
                Movant

---

**MOTION FOR BOND PENDING CONSIDERATION
OF PETITION FOR WRIT OF HABEAS CORPUS**

---

NOW COMES, Christopher W. Clemons, Pro se, and respectfully moves this Honorable Court to release him on bail pending the court's decision on the merits of his habeas petition.

Presently before the court is petitioner's § 2255 motion to vacate, set aside, or correct sentence which was filed on March 24, 2003 and has been presently pending for approximately three (3) years.

This court has inherent authority to grant bail, which is appropriate when petitioner has raised substantial constitutional claims which have a high probability of success, *United States v.*

*Baylin*, 535 F.Supp. 1145, 1155. (D. Del. March 26, 1982); see also *Aronson v. May*, 85 S. Ct. 3, 5, 13 L. Ed 2d 6 (1964; (Douglas J., on application for bail pending review).

Petitioner asserts that he has raised several "substantial" constitutional claims, and which have merit and a high probability of success.

In order to determine whether the petitioner has raised a "substantial claim", the court should consider whether there is a "substantial likelihood" of petitioner succeeding on the merits of the petition.

A substantial claim for relief is found where a petitioner relies on clear case law establishing the likelihood of success on his claim.

In the instant case the petitioner likens this inquiry to the standard for bail pending appeal under the Bail Reform Act, 18 U.S.C. § 3143(b), which requires the court to find that the appeal "raises a substantial question of fact or law likely to result in reversal, or in a new trial." See *United States v. Tunick*, 2001 U.S. Dist. LEXIS 2911, No. 53 98 CR 1238 (SAS), 2001 WL 282698, at 1 (S.D.N.Y. Mar. 22, 2001).

A more in depth interpretation of subsection (b)(2) requires the district court to determine first whether any question raised on appeal is a "substantial" one. See *United States v. Miller*, 753 F2d 19, 23-24 (3d Cir. 1985). The *Miller* court defined a substantial question as "one which is either novel, which has not been decided by controlling precedent, or, which is fairly doubtful." Id. 23. See also *United States v. Giancola*, 754 F2d 898, 900-01 (11th Cir. 1985), "a substantial question" is one of more substance than would be necessary to a finding that it is not frivolous". See also *United States v. Randell*, 761 F2d 122, 125 (2d Cir. 1985). ("Substantial question" under § 3143(b) is a close question, or one that very well could be decided the other

way).

If a court does not find that a question raised on appeal is "substantial", it must the consider whether that question is "so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial. *Miller*, supra at 23.

In assessing whether petitioner's Habeas Corpus § 2255 motion to vacate, set aside, or correct sentence satisfies this standard, it is important that petitioner clarify at the outset, that not only has he raised a substantial claim, he has raised several substantial claims all of which have the likelihood of success due to the unreasonable application of clearly established federal law, and specifically the corrupt investigation by the agents involved in the case which lead to a reckless indifference to petitioner's constitutional rights.

While petitioner will not delve into all the "substantial claims", he will specifically point out in detail one of the violations of his due process rights which was blatant, and though the United States Attorney's Office was granted an opportunity to file a second amended answer, when it failed to properly respond in its initial answer, it further failed to refute petitioner's claim, or explain why the investigating agents never requested a warrant to use the electronic tracking device on petitioner's automobile or why this information was never turned over to the petitioner or his counsel before proceeding to trial, which is in fact a violation of his due process rights.

The government has statutory disclosure duty under the Federal Rules of Criminal Procedure (Rule 16, 26.2 and 12.1) to disclose evidence that is both favorable to the defense and material to either guilt or punishment, and suppression of such evidence deprives the defendant

of a fair trial, and thus violates Federal Rules of Criminal Procedure § 2518(1), which states in part that, "no electronic surveillance is permitted without properly authorized application", and § 3117 states in general; (a) "If a court is empowered to issue a warrant or other Order for the installation of a mobile tracking device, such Order may authorize the use of that device within the jurisdiction of the court, and outside that jurisdiction if the device is installed in that jurisdiction.

In the instant case, the investigating agents used an electronic tracking device, which was placed on petitioner's automobile to track his every move, without first receiving proper authorization which is a violation of the Fourth Amendment, and petitioner's subjective expectation of privacy.

The Constitution requires "that the deliberate, impartial judgment of judicial officer.....be interposed between the citizen and the police.....*Wong Sun v. United States*, 371 U.S. 471, 481-82, 9 L. Ed. 2d 441, 445, 83 S. Ct. 407. See also *United States v. Jeffers*, 342 U.S. 48, 51, 96 L. Ed. 59, 64, 72 S. Ct. 93. "Over and over again this court has emphasized that the mandate of the Fourth Amendment require adherence to judicial process," .....and conduct outside the judicial process, without prior approval by Judge or Magistrate, are per se unreasonable under the Fourth Amendment.

Such an authorization holding that under sufficiently "precise and discriminate circumstances", a federal court may empower agents to employ a concealed device "for a narrow and particularized purpose of ascertaining the truth of the......allegations of a detailed factual affidavit alleging the commission of a specific criminal offense. *Katz v. United States*, 389 U.S. 347, 19 L. Ed. 2d 576, 584, 88 S. Ct. 507, quoting *Osborn v. United States*, 385 U.S. 323, 329-

30, 17 L. Ed. 2d 394, 87 S. Ct. 429.

Petitioner asserts that the investigating agents in the instant case were required to receive judicial authorization before commencing to install the electronic tracking device, but completely ignored the procedure of antecedent justification, which is central to the Fourth Amendment. A procedure which has been held to be a constitutional pre-condition.

The agents omission of such authorization, completely by-passed the safeguards provided by an objective predetermination of probable cause, and the use of the tracking device without consent to explore details of defendant's location and whereabouts, which previously would have been unknown without the violation of subjective expectation of privacy.

The government used the above information and evidence retrieved from the monitoring device at trial to convict the defendant, and sentence him to twenty-five years.

The makers of the Constitution conferred, as against the government, the right to be let alone the most comprehensible of rights, and the rights most valued by civilized men. To protect that right over unjustifiable intrusion by the government upon the privacy of the individual, whatever the means employed, *must* be deemed a violation of the Fourth Amendment. And the use, as evidence in a criminal proceeding of facts ascertained by such intrusion must be deemed a violation of the Fifth Amendment. *Ex parte Jackson*, 96 U.S. 727, 23 L. Ed. 877 (1877).

Petitioner avers, that while this inquiry certainly requires the court to consider the merits of the due process claim that petitioner has raised in his Habeas Corpus § 2255, ultimately, it is the reasonableness of that claim and not simply its merits, that must present a substantial, or close question.

The court is not required to prejudge whether petitioner will ultimately prevail on his

Habeas Corpus petition after the court has fully considered all of the information, arguments, and evidence that has been presented, only that the court is satisfied that petitioner has demonstrated a "substantial" likelihood of prevailing on his claim.

Petitioner believes that the has raised a "substantial" question of law and fact which is likely to result in a reversal of his conviction or in a new trial, all of which has been established by clear case law.

In sum, by granting petitioner bail, it would make the Habeas Corpus remedy effective.

Petitioner has been incarcerated for over seven years under extraordinary circumstances, thus, it would be appropriate in this case to grant bail because it is likely that petitioner has spent the past seven years of his life in prison due to a violation of his constitutional rights. See, e.g., *Hilton v. Braunskill*, 481 U.S. 779, 777, 95 L. Ed. 2d 724, 107 S. Ct. 2113 (1987), *La France v. Bolinger*, 487 F2d 506, 506-08 (1st Cir. 1973), *Boyer v. Orlando*, 402 F2d 966, 968 (5th Cir. 1968), *Marino v. Vasquez*, 812 F2d 499, 507-09 (9th Cir. 1987), *Cary v. Ricks*, 2001 U.S. Dist. LEXIS 3650, No. 00 Civ. 8926 (RWS), 2001 WL 314654, at 3 (S.D.N.Y.) March 30, 2001) ("If the claims petitioner raised were more substantial.")

## CONCLUSION

For all the foregoing reasons, Petitioner, Christopher W. Clemons respectfully requests that this Honorable Court grant his motion for bond pending consideration of his writ of Habeas Corpus.

Dated: December 19, 2005

Respectfully submitted,

Christopher W. Clemons
Reg. No. 04164-015
USP Canaan
P.O. Box 300
Waymart, PA 18472

# PROOF OF SERVICE

I certify that on December 19, , 2005, I mailed a copy of this brief and attachments via first class mail to the following parties at the addresses listed below:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
Judge: Kent. A. Jordan
J. Calleb Boggs Building
848 N. King Street
Wilmington, DE 19801

UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF DELAWARE
Robert J. Prettyman, (AUSA)
Chase Manhattan center
1201 market Street, Suite 1100
P.O. Box 2046
Wilmington, DE 19899-2406

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of Service, all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court.

I certify that the document was given to prison officials on December 19, 2005, for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

*[signature]*
CHRISTOPHER W. CLEMONS,

Dated: December 19, 2005





Christopher W. Clemons
#04164-015
USP Canaan
P.O. Box 300
Waymart, PA 18472

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
Judge: Kent A. Jordan
J. Calleb Boggs Building
844 N. King Street
Wilmington, DE 19801

Date: 12-20-05 A07:42 OUT
The enclosed letter was processed through special mail
procedures for forwarding to you. The letter has been
neither opened nor inspected. If the writer raises a question
or problem over which this facility has jurisdiction, you
may wish to return the material for further information or
clarification. If the writer enclosed correspondence for
forwarding to another address, please return the enclosure
to the above address.
United States Penitentiary, Canaan
Waymart, PA 18472