# *Christopher Clemons*
a/k/a Clinton French
Reg. No.04164-015
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

**Chief Judge: Honorable Sue L. Robinson**
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
J. Calleb Boggs Building
848 N. King Street
Wilmington, DE 19801

In re: **United States v. Christopher Clemons,
a.k.a. Clinton French, a.k.a. Doeboy
Crim. No.98-82/Civ. No. 03-319 KAJ**

March 31, 2006



Dear Judge Robinson:

    This letter is in reference to the above case number, which is also accompanied by a copy of a "motion to disqualify due to possible bias and prejudice," which has been forwarded to the Honorable Judge Kent A. Jordan (hereinafter Judge Jordan) via U.S. Postal Service.

    Judge Jordan is the presiding Judge over the above crim/civil case, therefore the original motion must first be heard by him according to 28 USCS § 455, and if after considering all the circumstances, Judge Jordan declines to voluntarily recuse himself, the Chief Judge has the authority to hear the motion upon the request of the petitioner.

    According to controlling case law, "referral" to the Chief Judge of the district court is the most reasonable and practical solution to the problem and has been the longstanding practice of the courts, due to the Chief Judge's inherent authority to handle disqualification motions. (See pages 26-27 of motion to disqualify).

    The reason that intervention from the Chief Judge has been sought in the instant case is

because petitioner does not believe Judge Jordan can remain neutral and absolutely impartial in ruling upon the habeas corpus § 2255, which has been pending for over three years; despite there being irrefutable evidence that there were constitutional violations on numerous fronts.

Petitioner believes that the cause of delay and denial of prompt relief, which is afforded to §2255 applicants stems from the professional and personal relationships of Judge Jordan with Assistant United States Attorney Robert J. Prettyman and John S. Malik, Esq. Before his ascendancy to the bench.

It would be unjust to the court to request intervention from the Chief Judge and not expound briefly upon the issues which have caused litigation to arrive at this point.

Presently pending before Judge Jordan is a habeas corpus §2255 motion which was filed on March 10, 2003. On April 7, 2003, the clerk of the court (Peter T. Dalleo) reassigned the case to Judge Jordan because the original trial judge, Roderick R. McKelvie was no longer presiding on the bench. On April 8, 2003, petitioner was ordered to file the AEDPA election form by May 8, 2003. On April 15, 2003, petitioner complied with order. On April 17, 2003, Judge Jordan ordered the United States Attorney's Office to respond to petitioner's §2255 motion on or before May 19, 2003.

While awaiting the government's response, petitioner received numerous documents from several different agencies in which information was sought under the Freedom of Information Act (FOIA). The documents were retrieved from the files of each agency which took part in the investigation. The Federal Bureau of Investigation (FBI), Alcohol, Tobacco, and Firearms (ATF), Drug Enforcement Agency (DEA), Multi-Jurisdictional Task Force (DJVCFTF), and the United States Department of Justice, Executive Office for United States Attorney's (EOUSA). The combined agencies withheld over two-thousand documents but released one hundred and seventy five in full, and another one hundred and ninety four in part with excisions.

Despite the documents that were withheld, there were others that were released which indicate there was electronic surveillance used without authorization and warrantless intrusions upon private property as well as other acts of gross negligence by the investigating agencies.

Upon discovery of this new information petitioner filed a supplemental brief and appendix on May 12, 2003, in support of the habeas corpus § 2255, entailing the findings and how they additionally contribute to the violation of petitioner's constitutional rights.

On May 16, 2003, four days after petitioner filed the supplemental brief, the United States attorney's Office filed its response to petitioner's §2255 habeas corpus as ordered by Judge Jordan, but did not respond to any of the new allegations within the supplemental brief.

On June 16, 2003, petitioner filed a traverse in response to the government's answer. On June 27, 2003, immediately after receiving the traverse, AUSA Robert J. Prettyman filed a "Motion for Leave to File Amended Answer" and appendix explaining how the attorney's office failed to

specifically address the thirty (30) day Speedy Indictment, and how it is an appropriate use of the court's discretion to grant the attorney's office leave to amend its answer.

On July 2, 2003, the attorney's office filed a "Motion For The Court To Direct That The Record Be Expanded Under Rule 7 of the Rules Governing Section §2255 Proceedings Or, Alternatively, For Leave to File A Motion For Leave To File a Second Amended Answer."

On July 13, 2003, petitioner filed a motion in opposition to the government being granted an opportunity to file an amended answer (in part) and how the attorney's office forfeited the claim by failing to file it in the initial brief, thus, there should be no second Bite at the apple; alternatively, if the court were to grant the governments's motion, petitioner should be entitled to rebut the answer.

On July 29, 2004, petitioner filed a "**Request for Judicial Notice of Adjudicative Facts**" under **Rule 201**, notifying the court of the Supreme Court's decision in **Blakely v. Washington**, and why the decision must be applied to the argument within petitioner's § 2255 habeas corpus which is pending before the court.

On September 10, 2004, Judge Jordan granted the attorney's office motion to file an amended answer, and denied petitioner's motion in opposition, or alternatively, to rebut the government's answer, while granting petitioner's request to take into consideration the Supreme Court's decision in **Wiggins v. Smith** (Ineffective Assistance of Counsel).

Although that attorney's office was granted an opportunity to file an amended answer, there was never a response given to why there was no warrant first sought before the electronic surveillance was used to monitor petitioner's whereabouts, and why this exculpatory evidence was withheld from petitioner and his attorney.

On September 28, 2004, petitioner filed a "Motion For Reconsideration" of the denying of the motion in opposition. **(Presently pending for eighteen months)**

On December 19, 2006, petitioner filed a "Motion For Bond Pending Consideration of Petition For Writ of Habeas Corpus," stating that the court has inherent authority to grant bail which is appropriate when petitioner has raised substantial constitutional claims which have a high probability of success. (Presently pending for three (3) months). All of petitioner's statements can be confirmed simply reviewing the docket sheet.

The attorney's office concealed the evidence of the electronic surveillance, and the warrantless intrusion on private property, and as of recently, petitioner has received additional documents from the Office of the Inspector General (OIG) which may indicate there was dishonesty before the grand jury, which misled the grand jury in indicting petitioner on its reasoning.

Petitioner has presented direct evidence of the government's unconstitutional behavior, and

has shown how it has directly harmed him. But due to Judge Jordan's inexcusable and inordinate delay, petitioner has been denied prompt resolution of his claim which is a principal function of the habeas corpus according § 2255; which states in pertinent part as follows:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...Unless the motion, and the files, and the record of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, **grant a prompt hearing thereon**, determine the issues, and make findings of fact and conclusions of law with respect thereto..."

Petitioner has not sought any special favors of the court, only what is entitled according to the law. Petitioner believes that this is the only recourse left to receive a fair ruling on the §2255 habeas corpus. As stated within the brief, petitioner recognizes a motion to disqualify is a serious undertaking, questioning the integrity and morals of the court, as well as the reputation and professionalism of the judge and should not be made lightly or frivolously. Therefore, with the utmost deliberation, the motion to disqualify carefully and accurately presents facts and statements which are believed to establish against the likelihood that there could be a fair and impartial decision if Judge Jordan were to further preside.

Petitioner had a right to disclosure of the evidence in the possession of the attorney's office, and as a member of that attorney's office, it was AUSA Robert J. Prettyman's duty under the due process clause of the Federal Constitution to disclose all evidence favorable to the petitioner and the withholding of such evidence has now destroyed the validity of the conviction.

AUSA Robert J. Prettyman knew the methods in which the law enforcement agencies used to monitor and enter the private premises of petitioner were illegal without proper authorization, and knew the fruits of such surveillance would fall underneath the Fourth Amendment exclusionary rule, which would have barred the evidence at trial, yet, rather then admit to the agencies gross negligence he remained silent and allowed evidence illegally obtained through unconstitutional means to be used in court to convict petitioner and subject him to a possible life sentence in prison.*1

In sum, petitioner is able to produce in document form, every claim in which he has made, and has presented evidence to Judge Jordan demonstrating the unconstitutional behavior of the arresting agencies. But due to Judge Jordan's favorable relationship with AUSA Robert J. Prettyman and John S. Malik, Esq.; petitioner has been unable to receive relief, despite irrefutable evidence that there were constitutional violations.

---

*1. Petitioner was sentenced to 300 months - twenty-five (25) years

For all the reasons stated, petitioner has now filed a copy of the "motion to disqualify" to the chief judge of the district seeking intervention due to possible bias and prejudice.

                                                Respectfully submitted,

                                                Christopher Clemons
                                                Reg. No. 04164-015
                                                U.S.P. Canaan
                                                P.O. Box 300
                                                Waymart, PA 18472

C: file