

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**THE UNITED STATES OF AMERICA**, :
                      Plaintiff, :
                             :
                             :       Crim. No. 98-82-KAJ
              v.            :       Civil  No. 03-319-KAJ
                             :
                             :       Judge: **Kent A. Jordan**
**CHRISTOPHER CLEMONS**      :
a/k/a Clinton French,            :
                   Defendant. :

FILED
APR 0 6 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BP scanned

## MOTION TO DISQUALIFY JUDGE
## FROM PROCEEDING FURTHER IN
## CAUSE DUE TO POSSIBLE BIAS
## AND PREJUDICE

     **NOW COMES**, CHRISTOPHER CLEMONS a/k/a Clinton French, Pro se, and

respectfully moves this Honorable Court (Kent A. Jordan) to voluntarily excuse himself from

further participation in the proceedings, pursuant to **28 U.S.C. §§ 144, & 455**, and the

corresponding **Canon 1, 2,& 3 of the Code of Conduct for United States Judges**, each of

which require federal judges to disqualify themselves in any proceeding in which [their]

impartiality might be questioned.

     Movant avers, that a motion to disqualify is a serious undertaking, questioning the.

integrity and morals of the court, as well as the reputation and professionalism of the judge, and

should not be made lightly or frivolously. Therefore, with utmost deliberation, movant carefully

and accurately, presents the following facts and statements, in which he believes establishes

against the likelihood that he could obtain a fair and impartial decision on the habeas corpus §

2255 motion, which is before Judge Kent A. Jordan, if he were to further preside over it.

Movant does not allege that Judge "Jordan" has exhibited any actual bias, prejudice, or ill

will towards him. Nor does he suggest that he intentionally violated **28 U.S.C. §§ 144,  455**, or

the **Code of Conduct for United States Judges**, and asserts only that under the circumstances,

Judge Jordan's  impartiality might reasonably be questioned, and to avoid the appearance of

impartiality, as well as further litigation (**28 U.S.C. § 372(c)(1)** "Writ of Mandamus to Prohibit")

on the issue; the court is asked to recuse itself (Kent A. Jordan) and that intervention of the Chief

Judge be sought.

Movant cites both **28 U.S.C. §§ 144, and 455** as the statutory basis for his request for

recusal. Under **§ 144** a party must file a timely sufficient affidavit complaining of the judge's

personal bias; and **§ 455(a)** instructs federal judges to disqualify his /or herself if their

impartiality might reasonable be questioned; and **§ 455(b)** requires disqualification under specific

circumstances. Movant will expound on each.

Defendant moves for disqualification under **28 U.S.C. § 144**, which provides as follows:

> **Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.**
> **The statute further provides, in pertinent part, that "the affidavit shall state the facts and reasons for the belief that bias or prejudice exists, and shall be filed not**

**less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time...." 28 U.S.C. § 144.**

The affidavit seeking disqualification must be considered first. It is the duty of the judge to whom such an affidavit is addressed to consider whether the facts set forth therein, accepted as true, are legally sufficient to charge personal bias and prejudice. If the affidavit is legally sufficient, the judge to whom it is addressed may proceed no further. **Simmons v. United States**, 302 F.2d 71 (3d Cir. 1962); also see **Berger v. United States**, 255 U.S. 22, 41 S. Ct. 230, 65 L. Ed. 481 (1921); **Green v. Murphy**, 259 F.2d 591 (3d Cir. 1958); **Allen v. DuPont**, 75 F. Supp. 546 (D.C. Del. 1948); **United States v. Porter**, 23 F. Supp. 880 (D.C. N.J. 1938).

The plain purpose of the statute was, and is to afford a method of relief through which a party to a civil or criminal litigation may avoid having their case before a judge who has a personal bias or prejudice against them, or in favor of the opposite party. Thus, when a party files a motion for disqualification and supporting affidavit under **Section 144**, all factual allegations contained in the affidavit must be accepted as true. **United States v. Furst**, 886 F.2d 558, 582 (3d Cir. 1989). This is so even if the presiding judge knows the allegations to be false and even where the allegations are contrary to the facts contained in the record or which may be proven to be false by other means, including judicial notice. See e.g. **United States v. Rankin**, 870 F.2d 109, 110 (3d Cir. 1989)(noting that despite the judge's personal knowledge that he never "chased [the defendant] around parts of the courtroom, " nor "poked, shoved, [or] struck him." **Section 144** bound the judge to accept allegations that he had done so as true). Recusal however, must be based on facts contained in the affidavit, and not on the movant's conjecture, speculation, "[Conclusory statements [or] opinions." **United States v. Vespe**, 868 F.2d 1328, 1340 (3d Cir.

3

1989).

As a threshold matter, the presiding judge must determine whether the facts alleged are legally

sufficient to support a charge of bias or prejudice. See **Mims v. Shapp**, 541 F.2d 415, 417 (3d

Cir. 1976).

Accepting the facts alleged as true, but not the conclusions, conjecture, speculation or surmises,

the court must answer whether "a reasonable person would conclude that a personal bias[,] as

distinguished from a judicial bias[,] exists." **Mims,** 541 F.2d at 417. The issue is ultimately

whether the facts stated in the affidavit "give fair support to the charge of a bent mind that may

prevent or impede impartiality of judgment."**Berger v. United States**, 255 U.S. 22, 33-34, 65 L.

Ed. 481, 41 S. Ct. 230 (1921)(interpreting the predecessor to **section 144**).

The test for determining the sufficiency of the affidavit of bias and prejudice was laid

down by the Supreme Court in **Berger v. United States**, supra, 255 U.S. 22, 33, 41 S. Ct. 230,

233 (1921), "the reason and facts for the belief the litigant entertains are an essential part of the

affidavit and must give fair support to the charge of a bent of mind that may prevent or impede

impartiality of judgment" Id.;facts from which a sane and reasonable mind may fairly infer bias

or prejudice..**"**  **Keown v. Hughes**, 265 F. 572, 577 (1st Cir. 1920). In order to guard against

groundless claims and impositions that they would inflict on the judicial process, the affidavit

filed pursuant to **28 USCS § 144** must be strictly construed, must be definite as to time, place,

persons and circumstances, and must give fair support to charge of "bent of mind" that may

prevent or impede impartiality of judgment, assertions merely of conclusionary nature are not

enough, nor are opinions and rumors. **United States v. Hadelman** 181 U.S. App. DC 254 (App.

DC 1976).

4

Such requirements are a precaution against abuse, removing the averments and belief from the responsibility of unsupported opinion and causes petitioners to be deliberate and accurate in their accusations. Thus, a motion for disqualification of a judge is legally insufficient under **28 USCS § 144**, where the affidavit and motion are comprised of either irrelevant matters or mere conclusory assertions and allegations which wholly fail to set forth adequate and specifics facts suggesting that the judge is personally biased or prejudiced in any manner whatsoever against plaintiff, or that his complete impartiality might reasonable be questioned; mere conclusory assertions and allegations are not enough to require a judge to recuse himself or to require that judge be disqualified, because "affidavit of prejudice" must state facts with sufficient particularity, and must be such as to convince a reasonable man that actual bias or prejudice exists, and that bias is personal, as opposed to judicial in nature.

**28 USCS § 144** requires disqualification if the affidavit is sufficient, that is, based upon specific facts and reasons rather than conclusory allegations and speculations; and if those reasons and facts regardless of their truth or falsity support the party's belief that the judge has a personal bias and prejudice against him or in favor of the adverse party, fairly supporting the charge of "bent of mind" that may prevent or impede impartiality of judgement; it is the judges duty to allow the affidavit and withdraw. **Simmons v. United States**, 302 F.2d 71 (3d Cir.1962).; See also **Samuel v. University of Pittsburg**, 395 F. Supp. 1275 (W.D. Pa 1975)) "Question in all cases was whether affidavit asserted facts from which sane and reasonable mind might infer personal bias or prejudice on part of the judge." **Hurd v. Lett**, 80 U.S. App. DC 233 (App. DC 1945); "District court is to judge the facts and reasons stated in the affidavit filed under **USCS § 144** is objective reasonable man test." **Fong v. American Airlines, Inc**, 431 F. Supp. 1334 (ND

Cal. 1977).

    **Under 28 USCS § 144**, movant's request for recusal is also subject to the requirement that it be timely. It is well settled that a party must raise its claim of a disqualification at the earliest possible moment after obtaining knowledge of the facts demonstrating the basis for such a claim.

    The requirement that a affidavit and motion for recusal be timely filed is not a mere formality, as explained by the Third Circuit; "the judicial process can hardly tolerate the practice of a litigant with knowledge of circumstances suggesting possible bias or prejudice holding back, while calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forth coming." **Smith v. Danya**, 585 F2d 83, 86 (3d Cir. 1978).

    The Third Circuit has described this requirement as one of "reasonable diligence." See **United States v. Furst**, 886 F2d 558, 581 n. 30 (3d Cir. 1989). "The reason for this requirement is obvious - a party with knowledge of facts that may implicate the need for the presiding judge to recuse himself may not sit idly by and gamble upon the outcome of a proceeding, secured in the knowledge that, if the wrong result ensues, it can always cry foul." Id. Thus, one must raise disqualification of judge at first opportunity after discovery of facts demonstrating basis for such disqualification. (Facts alleged as tending to warrant disqualification). The mere filing of an affidavit under **28 USCS § 144** does not automatically disqualify a federal district judge from hearing the case; only the filing of a timely and sufficient affidavit will result in such disqualification**. Pennsylvania v. International Union of Operating Engineers**, 388 F. Supp. 155 (E.D. Pa 1974); **Behr v. Mine Safety Appliances Co.**, 233 F. 2d 371 (3d Cir. 1956).

    As observed in **Smith v. Danyo**, the requirement that an affidavit be filed no less than 10

6

days before the beginning of the term at which a proceeding is to be heard "is no longer pertinent because terms of court have been abolished." 441 F. Supp. 171, 175 (M.D. Pa 1977). Therefore, when the circumstances giving rise to the charge of bias occur or are discovered after the case has commenced, timeliness should be measured not in some absolute and arbitrary manner from date of discovery, but with respect to the future stages of the case.

**28 USCS § 144** makes clear that a person claiming bias or prejudice of a judge must file a timely (promptly) sufficient affidavit stating facts forming basis that judge before whom matter is pending has personal bias or prejudice either against him or in favor of any adverse party; failure to follow elemental procedural requirements defeats the charge of bias; in like manner if the affidavit complies with the statutory standards set forth in this section concerning timeliness and legal sufficiency, then the judge against whom it is directed is obligated to recuse himself even though he may know for a certainty that the allegations of bias and prejudice made against him are false.

The last proviso of **28 USCS § 144** is the "Certificate of Counsel." As to the certificate itself, **§ 144** provides: "it (the affidavit) shall be accompanied by a certificate of counsel of the record stating that it is made in good faith." **Berger v. United States**, supra, 255 U.S. 22, 30, 33, 37, 41 S. Ct. 230, 232-234, 65 L. Ed. 481 (1921). The statute teaches that the certificate should state that the affidavit and application were made in good faith; and is insufficient to make trial judge recusable if not accompanied by counsel's certificate of good faith. **Curtis v. Utah Fuel Co**, 59 F. Supp. 680 (DC N.J. 1944); **Boyance v. United States**, 275 F. Supp. 772 (ED Pa 1967).

The requirement is founded on the assumption that a sworn officer of the court who has been admitted as an attorney to practice at bar of court would not indulge in reckless disregard of

7

the truth and attest to good faith of affiant without basis in fact. See **United States v. Gilboy**,

162 F. Supp. 384 (DC Pa 1958); it also shields the court which can only determine whether or

not factual allegations contained in the affidavit are legally sufficient to warrant recusal, since the

court must accept factual allegations as true and are not permitted to inquire into their truth.

**Simonson v. General Motors Corp**., 425 F. Supp. 574 (ED Pa 1976).

Although this is the norm, the absence of "Certificate of Counsel" is not fatal when the

party has not been represented by counsel for sometime. **In re Beecher**, 50 F. Supp. 530 (DC

Wash. 1943).

Movant also moves for disqualification under **28 USC § 455** which provides in pertinent

part:

> **(a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.**
> **(b) He shall also disqualify himself in the following circumstances:**
> **(1) Where he has a personal bias or prejudice concerning a party...**

Whenever a judges impartiality "might reasonably be questioned" in a judicial

proceeding, **28 USC § 455(a)** requires that the judge disqualify himself. The test for recusal

under **§ 455(a)** is whether a reasonable person, with knowledge of all the facts, would conclude

that the judge's impartiality might reasonably be questioned. **Alexander v. Primamerica**

**Holdings**, 10 F3d 155, 164 (3d Cir. 1993). "Under **§ 455(a)**, if a reasonable man, were he to

know all of the circumstances, he would harbor doubts about the judges impartiality under the

applicable standard, then the judge must recuse." **Krell v. Prudential, Ins. Co. Of Am.** (In re

Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F3d 283, 293 (3d Cir.

1998)(intenal quotations omitted); see **Massachusetts School of Law at Andover, Inc. v.**

8

**American Bar Ass'n,** 107 F3d 1026, 1042 (3d Cir. 1997)("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality." **In re Kinsington Int'l, LTD**, 368 F3d 289, 302 (3d 2004); **Selkridge v. Unted of Omaha Life Ins. Co.,** 360 F3d 155, 167 (3d Cir. 2004).

A party moving for disqualification under **§ 455(a)** need not show actual bias because **§ 455(a)** "concerns not only fairness to individual litigants, but equally important, it concerns 'the public confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." **Alexander**, 10 F3d at 162 (quoting **School Asbestos**, 977 F2d at 776).

Section **455(a)** provides that a judge shall disqualify himself in any proceeding in which "his impartiality might reasonable be questioned." This language sets up an objective standard, rather than the subjective standard set forth in the prior statute through use of the phrase "in his opinion." According to the report of the **House Judiciary Committee**, the general standard of **section 455(a)** was designed to promote the public's confidence in the impartiality and integrity of the judicial process by saying, in effect, that if any reasonable factual basis for doubting the judge's impartiality exists, the judge "shall" disqualify himself and let another judge preside. **1974 U.S. Code Cong. & Admin. News**, pp. 6351, 6354-55.

Clearly, the goal of the judicial disqualification statute is to foster the Appearance of impartiality. **Cf. E. Thode, Reporter's Notes to Code of Judicial Conduct** 60-61 (1973). This overriding concern with appearances, which also pervades the Code of Judicial Conduct and the **ABA Code of Professional Responsibility**, stems from the recognized need for an unimpeachable judicial system in which the public has unwavering confidence. The protection of

the purity, integrity, and dignity of the judicial process from any hint or appearance of bias is the palladium of the judicial system. Any question of a judge's impartiality threatens the purity of the judicial process and its institutions.

Because **28 USC § 455(a)** focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street. Use of the word "might" in the statute was intended to indicate that disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubt about the judge's impartiality. **Note, Disqualification of Judges and Justices in the Federal Courts, 86 Harv.L.Rev. 736, 745 (1973).**

Actual impartiality is irrelevant under **28 USCS § 455(a)** because the statute speaks only to appearance of impartiality, and, in evaluating whether this appearance is present, the entire course of judicial proceedings are looked at, rather than isolated incidents; thus, recusal is warranted when, through "**objective**" standpoint, reasonable man knowing all the circumstances would harbor doubt concerning judge's impartiality. **In Re Owen Corning** (2004 BC DC Del) Bankr. LEXIS 78, reported at (2004, Dc Del) 305 Br 175; "judge's introspective estimate of his own ability to hear case impartially is no longer relevant, and even where question is close, judge must recuse himself."**Robert v. Bailar,** 625 F2d 125 (6th Cir. 1980). See also **United States v. Nacrelli** 543 F. Supp. 798 (E.D. Pa. 1982). "judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned; objective standard, based on reasonable person, knowing all the relevant facts, would conclude about judge's impartiality, is applied." Id.

Because recusal is mandated whenever "an appearance of impartiality is created," even

though the judge is not conscious of the circumstances creating the appearance of impropriety, the statute has been held to require recusal holding that "scienter" is not an element of **§ 455(a)** violation and does not eliminate the risk that his impartiality might reasonably by questioned by other persons. **Liljeberg v. Health Services Acquisition Corp**, 486 U.S. 847, 859, 100 L. Ed. 2d 855, 108 S. Ct. 2194 (1988); "the judge's lack of knowledge of a disqualifying circumstance bear on the question of remedy, but it does not eliminate the risk that 'his impartiality might reasonably be questioned.' **United States v. Gordon**, 354 F. Supp. 524, 527 (Del.2005)(quoting **Liljeberg v. Health Services Acquisition Corp**., Id. At 859). The court indicated that some violations of **§ 455(a)** might be harmless, but that there should not be "an absolute prohibition against any relief in cases involving forgetful judges." Id. At 862. Furthermore, all doubts must be resolved in favor of disqualification. **United States v. Alabama**, 828 F.2d 1532, 1540 (11th Cir. 1987), cert. denied sub nom., **Board of Trustees v. Auburn Univ.**, 487 U.S. 1210, 101 L. Ed. 2d 894, 108 S. Ct. 2857 (1988).

In addition, disqualification under **28 USCS § 455(a)** can take place sua sponte, without necessity for affidavits and certificates of good faith as is required by **28 USCS § 144**, **United States v. Clark**, 398 F. Supp. 341 (E.D. Pa 1975).

Movant further moves for disqualification under **Canon 1**, **2**, and **3** of the **Code of Conduct for United States Judges**, which provides in pertinent part:

**CANON 1:**

## A JUDGE SHOULD UPHOLD THE INTEGRITY
## AND INDEPENDENCE OF THE JUDICIARY

An independent and honorable judiciary is indispensable to justice in our society. A judge

should participate in establishing, maintaining, and enforcing high standards of conduct,

and should personally observe those standards, so that the integrity and independence of

the judiciary may be preserved. The provisions of the Code should be construed and

applied to further that objective.

**CANON 2:**

### A JUDGE SHOULD AVOID IMPROPRIETY AND THE
### APPEARANCE OF IMPROPRIETY IN ALL ACTIVITIES

A. A judge should respect and comply with the law and should act at all times in a
manner that promotes public confidence in the integrity and impartiality of the judiciary.

B. A judge should not allow family, social, or other relationships to influence judicial
conduct or judgment.....

**CANON 3:**

### A JUDGE SHOULD PERFORM THE DUTIES OF
### THE OFFICE  IMPARTIALLY AND DILIGENTLY

The judicial duties of a judge take precedence over all other activities. In performing the
duties prescribed by law, the judge should adhere to the following standards:

**A. *Adjudicative responsibilities*.**

(1) A judge should be faithful to and maintain professional competence in the law, and
should not be swayed by partisan interests, public clamor, or fear of criticism.

(2) A judge should hear and decide matters assigned, unless disqualified, and should
maintain order and decorum in all judicial proceedings.....

5) A judge should dispose promptly of the business of the court.

**B. *Administrative responsibilities.***

(1) A judge should diligently discharge the judge's administrative responsibilities,
maintain professional competence in judicial administration, and facilitate the

performance of the administrative responsibilities of other judges and court officials......,

(3) A judge should initiate appropriate action when the judge becomes aware of <u>reliable evidence</u> indicating the likelihood of unprofessional conduct by a judge or lawyer.

## C. *Disqualification.*

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings,

(b) the judge served as lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness......

Movant asserts that the **Code of Conduct for United States Judges** has been approved

by the **Judicial Conference of the United States** which prescribes ethical norms for federal

judges as a means to preserve actual apparent integrity of the federal judiciary and which, in

essence, was created for use by judges in conforming their conduct to standards which would

further administration of justice.

Anyone who is an officer of the federal judicial system authorized to perform judicial

functions is a judge for the purpose of this code and should comply with it.

As noted in the commentary of **Canon one** (1), "**The Canons are rules of reason. They

should be applied consistent with constitutional requirements, statutes, other court rules

and decisional law, and in the context of all relevant circumstances. The Codes to be

construed as not to impinge on the essential independence of the judges in making judicial

decisions.....Deference to the judgments and rulings of courts <u>depends upon public</u>**

13

**confidence in the integrity and independence of judges. The integrity and independence of judges depend in turn upon their acting without fear or favor. Although judges should be independent, they should comply with the law, as well as the provisions of this Code. Public confidence in the impartiality of the judiciary is maintained by the adherence of each judge to this responsibility. Conversely, violation of this code diminishes public confidence in the judiciary and thereby does injury to the system of government under law.**

Further, **Canon two** (2) of the **Code of Conduct for United States Judges** provides that "(a) judge should avoid impropriety and the appearance of impropriety in all activities," and commentary note 2A, which is a collocation, states in pertinent part:

**"Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. The prohibition against behaving with impropriety or the appearance of impropriety applies both to the professional and personal conduct of a judge..... Actual improprieties under this standard include, violations of the law, court rules or other specific provisions of this Code. The test for appearance of impropriety is whether the conduct would create in reasonable minds, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence is impaired."**

**Canon three** (3) requires that "(a) judges should perform the duties of the office" –which includes all "duties prescribed by law" – "impartially and diligently" **(United States Judges-Reprinted in 2 ADMINISTRATIVE OFFICE OF THE UNITED**

14

STATES COURTS, GUIDE TO JUDICIARY POLICIES AND PROCEDURES, Ch II, at 1-2, 1-9 (1993ed.). **The Judicial Counsel affirms that judges may be held accountable for failing to avoid the appearance of impartiality. Id.**

Commentary note **3A**(5) which is also a collocation of **Canon 3**, and points out certain particulars in which a judge should perform in his duties of office; all which include the following:

**"In disposing of matters promptly, efficiently and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases so as to reduce or eliminate dilatory practices, avoidable delays and unnecessary costs. A judge should encourage and seek to facilitate settlement, but parties should not feel coerced into surrendering the right to have their controversy resolved by the courts.**

**Prompt disposition of the court's business requires a judge to devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under submission, and to insist that court officials, litigants and their lawyers cooperate with the judge to that end."**

Movant has cited both **USC §§ 144 and 455** as the statutory basis for his request for recusal, as well as the **Code of Judicial Conduct for United States Judges**; thus, it is important to elaborate on their similarities as well as their variations.

Since sections of **144 and 455 of 28 USC** use similar language, and are intended to govern the same area of conduct, they have been construed in pari materia, and the test of

the legal sufficiency of a motion for disqualification is the same under both statutes. See **In re Corrugated Container Antitrust Litigation**, 614 F2d 958, 965 (5th Cir.), cert. denied, 449 U.S. 888, 101 S. Ct. 244, 66 L. Ed. 2d 114 (1980); **United States v, Carignan**, 600 F2d 762, 764 (9th Cir. 1979).

Although the substantive test for bias or prejudice is identical in sections **144** and **455**, the procedural requirements of the two sections are different. Section **144** expressly conditions relief upon the filing of a timely and legally sufficient affidavit. See **Blum v. Gulf Oil Corp.**, 597 F2d. 936, 938 (5th Cir. 1979); **United States v. Azhocar**, 581 F.2d 735, 738-40 (9th Cir. 1978), cert. denied, 440 U.S. 907, 99 S. Ct. 1213, 59 L. Ed. 2d 454 (1979); **United States v. Bennett**, 539 F.2d 45, 51 (10th Cir.) Cert. denied, 429 U.S. 925, 97 S. Ct. 327, 50 L. Ed. 2d 293 (1976). If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section **144**, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits. **Azhocar**, 581 F.2d 738.

Section **455**, on the other hand, sets forth no procedural requirements. That section is directed to the judge, rather than the parties, and is self-enforcing on the part (624 F.2d 868) of the judge. **Davis v. Board of School Commissioners**, 517 F. 2d 1044,  1051 (5th Cir. 1975), cert. denied, 425 U.S. 994, 96 S. Ct. 1685, 48 L. Ed. 2d 188 (1976). Moreover, **section 455** includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of  grounds for recusal under **section 455**, that judge has a duty to recuse himself or herself. See, e.g. **Nicodemus v. Chrysler Corp.**, 596 F. 2d 152, 157 & n.10 (6th Cir. 1979).

In light of the difference in procedures for **sections 144** and **455**, it is apparent that the two sections are not redundant but are complementary, even when the only ground for recusal alleged is bias or prejudice. A party desiring referral to a second judge upon a determination of legal sufficiency may invoke the provisions of **section 144** by filing a motion under the section accompanied by a timely and sufficient affidavit. Such a motion should also prompt the judge to whom the motion is directed to determine independently whether all the circumstances call for recusal under the self-enforcing provisions of **section 455(a) & (b)(1)**, a matter which rests within the sound discretion of the judge. **United States v. Schreiber**, 599 F. 2d 534, 536 (3d Cir.) cert. denied, 444 U.S. 843, 100 S. Ct. 86, 62 L. Ed. 2d 56 (1979). Thus, **section 455** modifies section **144** in requiring the judge to go beyond the **section 144** affidavit and consider the merits of the motion pursuant to **section 455(a) & )b)(1)**.

Congress' purpose in amending **§ 455** was to reconcile the **1972 Code of Judicial Conduct** with the federal statute and eliminate dual standards (statutory and ethical), which had the effect of forcing judges to decide either legal or ethical issues at his peril, and to overrule the concept that close cases involving disqualification should be resolved on the ground that the judge has the duty to sit.. **SCA Servs. V. Morgan**, 557 F. 2d 110 (7th Cir. 1977).

With respect to major changes effected by the 1974 revision of **28 USCS § 455** on prior law concerning disqualification of federal judges, (1) **§ 455(b)(1)** entirely duplicates bias or prejudice grounds of recusal previously addressed by only **28 USCS § 144**, but (a) makes such grounds applicable to all justices, judges, and magistrates, not just district judges, and (b) places obligation to identify existence of those grounds upon judge, rather

17

than requiring recusal only in response to party affidavit; and (2) **§ 455**(a) covers both "interest or relationship" and "bias or prejudice" grounds, but requires them all to be evaluated on an objective basis, so that what matters is not reality of bias or prejudice, but its appearance. **Liteky v. United States**, 510 U.S. 540, 127 L. Ed. 2d 474, 114 S. Ct. 1147.

## ARGUMENT

First, movant asserts that Judge Kent A. Jordan, during the course of his duties in his former capacity as an Assistant United States Attorney worked hand in had in criminal investigations and prosecutions with AUSA Robert J. Prettyman during the 1980's and '90's.

Second, while in private practice as an attorney for Morris, James, Hitchens, and Williams, Judge Kent A. Jordan worked hand in hand with attorney John S. Malik Esq. who represented movant at trial, and on appeal.

Third, upon the government's failure to respond properly to movant's § 2255 "speedy indictment claim;" Judge Kent A. Jordan granted the United States Attorney's Office an opportunity to file an amended answer, and denied movant the opportunity to rebut.

Fourth, despite the fact that there is clear and convincing evidence that movant's constitutional rights were violated; the present case has not been disposed of promptly, efficiently, or fairly. The present § 2255 habeas corpus was filed on March 10, 2003, and has been pending for over three (3) years, which totally disregards the teaching of § 2255 and shows no regard for the rights of movant.

Movant asserts that the mere association of Judge Jordan with former counsel John S.
Malik, and his acquaintance with AUSA Robert J. Prettyman would be insufficient and quite
minute if he were not asking the court to find the following:

**(1)**

    **(a)**    **Assistant United States Attorney Robert J. Prettyman knowingly withheld
exculpatory evidence in violation of the Federal Rules of Criminal Procedure,
specifically, Rule 16, 26.2, and 12.1(c); which in turn violated movant's right
to due process and denied him fair trial.**

    **( b)**    **Assistant United States Attorney Robert J. Prettyman was vindictive in his
prosecution in filing a second indictment which exposed movant to harsher
penalties.**

    **(c)**    **Assistant United States Attorney Robert J. Prettyman knew of the FBI, DEA,
ATF, and a Multi-Jurisdictional Task Force' use of electronic surveillance to
monitor movant without a warrant.**

**(2)**    **(a)**    **John S. Malik was ineffective during pre-trial, trial, and on appeal;**

    **(b)**    **Failed to file a discovery motion;**

    **(c)**    **Failed to file a motion to suppress the evidence;**

    **(d)**    **Failed to properly cross examine the government's witnesses due to lack of
discovery;**

    **(e)**    **Failed to move for dismissal of amended indictment;**

    **(f)**    **Failed to  challenge to court's violation of Apprendi;**

(g)     **Failed to appeal the government's elicit of expert testimony.**

"Due to the fact that people rightfully treasure their good names in which they have spent

a lifetime building a reputation for good character, public service, professional respect, and

friendship for one another; one can be persuaded to reasonably believe that a natural empathy

may be unavoidable. Real or not, partiality under these circumstances could fairly be perceived to

be an issue." **United States v. Gordon**, 354 F. Supp. 524, 528 (D. Del 2005).

Movant is fully aware that friends, former associates, and even foes of judges appear

before them routinely; and circumstances surrounding such appearances vary widely, but such

associations certainly do not automatically require a judge to disqualify himself; yet it is the

particulars of these relationships and interactions that are at issue.

Impartiality of a federal judge need not be demonstrated beyond a reasonable doubt as

long as there is a reasonable factual basis to doubt his impartiality or fairness shown by some

kind of probative evidence. **Blizard v. Frechette**, 601 F. 2d 1217 (1st Cir. 1979); see also **In re**

**Searches Conducted**, 497 F. Supp. 1283 (E.D. Wis. 1980).

As stated below, "A judge shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned. **28 USCS § 455**(a); the test for determining whether

recusal is required under this subsection is whether a "reasonable person" knowing all the

circumstances, would believe that a judge's impartiality could be questioned. **United States v.**

**Schreiber**, 599 F. 2d 534, 536 (3d Cir. 1979). "What matters is the objective appearance of bias,

not actual bias." **United States v. Nobel**, 696 F. 2d 231, 235 (3d Cir. 1982).

Movant asserts that an objective appearance of bias has arisen as a result of a number of

accusations in which he has made. These ties have created a situation in which the judge's

20

impartiality might reasonably be questioned.

The former association with Robert J. Prettyman, AUSA, and former counsel John S. Malik, Esq., the denial of the opportunity to rebut the government's amended answer, and the three year dilatoriness, when viewed together, has combined to give the appearance of bias or a lack of impartiality.

These essential averments have created a situation in which the judge's impartiality might reasonably be questioned. Moreover, they constitute "conduct prejudicial to the effective and expeditious administration of the business of the courts," and should cause Judge Jordan to voluntarily recuse himself.

The test as to whether a judge should disqualify himself on account of a relationship with an attorney is two-fold; (1) whether judge feels capable of disregarding the relationship; and (2) whether others can reasonably be expected to believe that relationship is disregarded **Enos v. Dehart**, (In re Metropolitan Metals)(BC-MD Pa 1996). The appearance of impartiality test is intended to relieve a judge of his or her duties sua sponte.

**28 USCS § 455**(a) allows a judge to disqualify himself if a reasonable man would have factual grounds to doubt the impartiality of the court. The standard allows recusal when objective appearances provide factual basis to doubt judge's partiality; even though judge himself may subjectively be confident of ability to be even handed. **Blizard v. Frechette**, 601 F. 2d 1217 (1st Cir. 1979); "Under this section a judge must consider whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality." **Jones v. Pittsburgh Nat. Corp.**, 899 F. 2d 1350, 1356 (citing **United States v. Dalfonso**, 707 F. 2d 757, 760 (3d Cir. 1983).

Guided by this standard, the facts alleged by movant in the affidavit would create a reasonable doubt concerning the judge's impartiality, not necessarily in the mind of the judge, or even the litigant, but in the mind of the reasonable man, the disinterested observer fully informed of the facts and the underlying grounds on which the "recusal" has been sought.

Movant does not suggest that Judge Jordan intentionally violated either of the **statutes** or the **Code of Conduct**. However, there is significant doubt that Judge Jordan can rise above the alleged predisposition in order to render a fair decision on the facts and law of this particular case; and it is not unreasonable to conclude that an objective individual would presume that Judge Jordan has appeared herein effectively aligning himself with the government, because of his favorable relationship and professional respect for others, which has become a factor affecting his decision making, thus, taking an adversarial role in the litigation.

Since **28 USCS § 455**(a) establishes "objective standard" for disqualification of a judge, the moving party has the burden of showing that facts stated, if true, would convince a reasonable man that bias exists. **United States v. Thompson**, 483 F. 2d 527 (3d Cir. 1973); **Parrish v. Board of Comm'rs**, 524 F. 2d 98 (5th Cir. 1975). cert. denied.

Movant has alleged sufficient facts to establish that Judge Jordan has shown the appearance of partiality that would justify recusal under the circumstances and is confident that the average layperson (reasonable man) could grasp the alleged perception after being fully informed of all the surrounding circumstances; and would draw the conclusion that Judge Jordan is unable to render a fair and impartial decision.

Although the record does not demonstrate that Judge Jordan has done anything wrong, unethical, or biased, he must be disqualified from further presiding over the case because the test

22

for disqualification under **§ 455**(a) is not actual bias; it is the perception of bias. (for the purpose

of **§ 455**(a) disqualification, it does not matter whether the district court judge actually harbors

any bias against a party or the party's counsel). **Alexander v. Primerica Holding, Inc**., 10 F. 3d

162 (3d Cir. 1993).

The language of **§ 455**(a) eliminates the so-called "duty to sit", replacing it with the

"might reasonably be questioned." (Emphasis added); which clearly mandates that it would be

preferable for a judge to err on the side of caution and disqualify himself in a questionable case

for the reason that any inconvenience which does arise is more than outweighed by the need to

protect the dignity and integrity of the judicial process. "The public's confidence in the

judiciary.....may be irreparably harmed if a case is allowed to proceed before a judge who

*appears* to be tainted."**In re Kensington Int'l Ltd**, 353 F 3d 211, 220 (3d Cir. 2003)(emphasis

in original).

In **Liljeberg**, the Supreme Court instructed that:

> **"The court should" consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process" while bearing in mind that "justice must satisfy the appearance of justice." 486 U.S. at 864 (internal quotation marks and citation omitted).**

Movant avers that he has satisfied the requisite of "due diligence" in seeking recusal

under **28 USCS § 144**. See **United States v. Enigwe**, 155 F. Supp. 2d 365 (ED Pa. 2001).

The facts concerning Judge Jordan's background upon which the affidavit is based were

not known when the habeas corpus **§ 2255** motion was designated to him by the clerk's office,

but was discovered just recently in the past six (6) months. After learning of these facts, movant

immediately began to research and investigate to determine whether they were true. After

23

discovering that the facts were trustworthy, movant immediately prepared and filed the present

motion understanding that a motion for disqualification must be filed at the earliest possible

moment after obtaining knowledge of the information demonstrating the bias for such a claim.

The Third Circuit has described this requirement as one of "reasonable diligence". See **United**

**States v. Furst**, 886 F. 2d 558, 581, n.30 (3d Cir. 1989),See also **Smith v. Danyo**, 585 F. 2d 83,

86 (3d Cir. 1978)("the judicial process can hardly tolerate the practice of a litigant with

knowledge of circumstances suggesting possible bias or prejudice holding back, while calling

upon the court for hopefully favorable rulings, and then seeking recusal when they are not

forthcoming." Id.  "The evil that a timeliness requirement is intended to prevent-namely, holding

in reserve a recusal demand until such time that a party perceives a strategic advantage." **In re**

**Owen Corning**, (2004, BC DC Del) Bankr LEXIS 78, report at (2004 DC Del) 305 BR 175.

  While **28 USCS § 144** does contain a timeliness requirement explicitly within the statute,

**§ 455** does not but should be presented in a timely manner under the amended version of **§ 455**

**In re IBM Corp**., 618 F. 2d 923 (2d Cir. 1980)

  Movant asserts that a motion to disqualify a judge can only be made by a party to the

litigation and that party is only  permitted to file one timely and sufficient affidavit, which must

be made in good faith. **28 USCS § 144**.

  Movant believes he has shown an objectionable inclination of disposition by Judge

Jordan which gives fair support to his accusation of "bent of mind", thus, **28 USCS 144** requires

disqualification if the affidavit is sufficient; that is based upon specific facts and reasons rather

than upon conclusory allegations and speculations. See **Samuel v. University of Pittsburgh**. 395

F. Supp. 1275 (WD Pa 1975).

24

Under the predecessor to **28 USCS 144**, an affidavit could be made on information and belief if facts are set forth as basis of belief, requiring statement of facts and reasons for affiant's belief in judge's bias is precaution against abuse and removes averments and beliefs from irresponsibility of unsupported opinion. See **Berger v. United States**, 255 U.S. 22, 65 L. Ed. 481, 41 S. Ct. 230 (1921)(full compliance with the provision is required).

The appropriate test in ruling on an affidavit alleging bias of a judge is whether, assuming truth of facts alleged, a reasonable person would conclude that personal as distinguished from judicial bias exists. **Raitport v. Bradley**, 446 F. Supp. 129 (ED Pa 1978). "Personal" bias is sole ground of disqualification under **§ 144**. This involves **antagonism toward affiant** or **favoritism toward an adverse party,** and is distinguished from "judicial" bias. Personal bias does not include views based upon matters arising during litigation or upon general attitudes common to general public. **United States v. Nehas**, 368 F. Supp. 435 (WD Pa 1973).

A judge is obliged to remove himself in face of an affidavit setting forth personal bias upon motion of recusal under **§ 144** because he must accep truth of factual assertions in affidavit of prejudice and determine only whether affidavit is legally sufficient. See **Gallarelli v. United States**, 260 F. 2d 259 (1ˢᵗ Cir. 1958)(cert. denied); see also **Ronwin v. State Bar of Arizon**a, 686 F. 2d 692 (9ᵗʰ Cir. 1981); "challenged judge determines sufficiency of affidavit but does not weigh or test truth of allegations, and if facts give fair support to charge that judge's "bent of mind" may prevent or impede impartiality of judgement, judge must recuse even though statements may not accurately reflect his state of mind." **United States v. Gigax**, 605 F. 2d 507 (10ᵗʰ Cir. 1989).

It is not within  province of trial judge to pass upon good faith of defendant making

affidavit of prejudice. **Pennsylvania v. International Union of Operating Engineers**, 388 F. Supp. 155 (ED Pa 1974).

Although affidavits singularly show that there is perhaps appearance of possibility of personal bias or prejudice of judge, and are not in and of themselves legally sufficient to show any actual bias or prejudice, if when take together they do appear to be sufficient, legally and factually standing as they must without evidentiary contradiction, to show such bias or prejudice, judge must be recused. **United States v. Zerilli**, 328 F. Supp. 706 (CD Cal 1991). Moreover, recusal cases are "extremely fact driven" and therefore "must be judged on [their] unique facts and circumstances more than by comparisons to situations considered in prior jurisprudence"See **United States v. Gordon**, 354 F. Supp. 524 (DC Del 2005)

Movant has incorporated an affidavit and certification of good faith as is required by **§ 144**, but recognizes that it is unnecessary to file an affidavit or certification of good faith under **§ 455**, which is arguably broader in its scope than **§144**. "No factual affidavits or certifications of good faith are required to justify recusal under **28 USCS § 455**." **Simonson v. General Motors Corp**, 425 F. Supp. 574 (ED Pa 1976).

**28 USCS 455** is directed to the judge whom the motion for recusal is filed against; therefore, in making a determination on such a motion, it is necessary that a judge objectively and consciously evaluate his or her own personal feelings and determine whether his or her impartiality might reasonably be questioned. **United States v. McKinley**, 543 F. Supp. 462 (DC Or 1980) see also **Bumpus v. Uniroyal Tire Co. Div. of Uniroyal, Inc**., 385 F. Supp. 711 (ED Pa 1974) "because of alleged personal bias in favor of plaintiff; motion is properly addressed to, and ruled upon by judge himself." Id.

If, after considering all the circumstances, Judge Jordan declines to grant recusal pursuant

to **section 455**(a) & (b)(1), but determines that the affidavit is sufficient pursuant to **section 144**,

the motion must be referred to the Chief Judge for a determination of its merit under **section 144**.

See **United States v. Sibla**, 624 F2d 864 (9th Cir. 1980)."Legal sufficiency of affidavit has been

established and motion must be referred to another judge for determination of its merits." Id.

Further, in **Berger v. United States**, 225 U.S. 22, 41 S. Ct. 230, 65 L. Ed. 481 (1920) the

Supreme Court held that the judge in the case is entitled to pass upon the affidavit himself.

Neither the statute, nor the cases following the **Berger** decision rule out the possibility of

referring the affidavit to another judge for consideration. In **United States v. Grimell Corp**., 384

U.S. 563, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966) the Supreme Court pointed out in a footnote

that the presiding judge in that case had referred the matter to the Chief Judge of the circuit for

evaluation. The court expressed no view concerning the appropriateness of that procedure. A

similar suggestion had been made in **Berger** in a dissent written by Justice Day O'Connor (supra

at 41). See also **United States v. Craig**, 853 F. Supp. 1413 (SD Fla 1994) "District Judge's

referral to Chief Judge of motion to disqualify him is appropriate , where **28 USCS § 455** is

silent regarding procedure but longstanding practice has been referral to Chief Judge, because

Chief Judge has inherent authority to handle disqualification motions, since there is no express

authority to the contrary and it is a reasonable and practical solution to the problem." Id.

Since there is no express authority to the contrary and because it is a reasonable and

practical solution to the problem movant desires that the Chief Judge of the district consider

whether his motion to disqualify and affidavit of bias and prejudice meet the requirements of **28**

**USCS §§ 144, 455** and **the Code of Conduct for United States Judges.**

27

**CONCLUSION**

In sum, due to the favorable relationship of Judge Jordan with Assistant United States

Attorney Robert J. Prettyman, and John S. Malik, Esq. prior to his ascendancy to the bench, it has

produced a dilatoriness of more than three years with the present habeas corpus **§ 2255** motion

despite the irrefutable evidence that movant's constitutional rights were violated, and in turn has

created a personal bias against movant and prevented Judge Jordan from disposing of matters

promptly, efficiently, and fairly.

    **28 USC 2255** reads in pertinent part, as follows:

> "A prisoner in custody under sentence of a court established
> by Act of Congress claiming the right to be released upon the
> ground that the sentence was imposed in violation of the Constitution
> or laws of the United States, or that the court was without
> jurisdiction to impose such sentence, or that the sentence was
> in excess of the maximum authorized by law, or is otherwise
> subject to collateral attack, may move the court, which imposed
> the sentence to vacate, set aside, or correct the sentence.
>
> Unless the motion, and the files, and the records of the case
> conclusively show that the prisoner is entitled to no relief, the
> court shall cause notice thereof to be served upon the United States
> attorney, **grant a prompt hearing thereon**, determine the issues, and
> make findings of fact and conclusions of law with respect thereto.
> If the court finds that the judgment was rendered without jurisdiction, or
> that the sentence imposed was not authorized by law or otherwise
> open to collateral attack, or that there has been such a denial or
> infringement of the constitutional rights of the prisoner as to render
> the judgment vulnerable to collateral attack, **the court shall vacate and
> set the judgement aside and shall discharge the prisoner or resentence him
> or grant a new trial or correct the sentence as may appear appropriate.**

    The situation does not involve disqualifying circumstances in which Judge Jordan forgot

about, and then belatedly remembered, Judge Jordan was well aware of his past working

relationship with AUSA Robert J. Prettyman and John S. Malik, Esq., and should have taken the

appropriate action and recused himself under the self enforcing portion of **28 USCS § 455** due to the circumstances that may raise the appearance of impartiality or impropriety.

These circumstances have created an appearance of impartiality, and as noted, the appearance of impartiality is virtually as important as the facts of impartiality (actually bias is irrelevant; the mere appearance of bias still could diminish the stature of the judiciary.)

The facts alleged establish the lack of likelihood that Judge Jordan could preside in a fair and impartial manner or could try the facts with detachment and objectivity, thus, exhibiting a bias in favor of the government. Moreover, the reasons and facts for movants beliefs give fair support to the charge of "bent of mind" and compels Judge Jordan to recuse himself and seek the intervention of the Chief Judge. And even if the question of disqualification is a close one, which it is in the instant case, the balance must tip in favor of recusal in order to avoid the appearance of impropriety that runs "the risk of undermining the public's confidence in the judicial process."

Judge Jordan has a duty to the court which at times require that he make hard and unpopular choices. However, it is the court's corollary duty to make these hard and unpopular decisions where it considers them to be correct; and though Judge Jordan has only been a district court judge for several years, he may have become accustomed to the process of dispassionate decision making and keenly aware of his constitutional and ethical obligations to decide matters solely on the merits. Nevertheless, there is significant doubt that Judge Jordan can rise above the alleged predispositions and be absolutely impartial, rendering a fair decision on the facts and law in **this** particular case due to the tendency to favor the prior working relationship between Assistant United States Attorney Robert J. Prettyman, and John S. Malik, Esq.

The issues in which movant has offered would make it reasonable for a fully informed

member of the public to question the ability of this court to preside over this case in an impartial manner.

It is important to note that nothing in the record suggests that Judge Jordan proceeded with any sort of ill motive. However, the consequences are too grave for movant to sit idly by and gamble upon a favorable outcome. Therefore, with the reasons stated, the court must find that movnt's allegations reveal that the facts and reasons advanced in the motion, and set forth in the affidavit are sufficient within the meaning of the **sections 144**, **455**, and the **Code of Conduct for United States Judges**.

Respectfully Submitted,

Christopher Clemons ,Pro se
Reg # 04164-015
USP CANAAN
P.O. Box 300
Waymart, PA 18473

## PROOF OF SERVICE

I CERTIFY THAT ON March __31__, 2006, I Christopher Clemons, mailed a copy of this brief, affidavit, and certificate of good faith via first class mail to the following parties at the below listed addresses:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
Judge Kent A. Jordan
J. Calleb Boggs Building
848 N. King Street
Wilmington, DE 19801

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
Chief Judge: Sue L. Robinson
J. Calleb Boggs Building
848 N. King Street
Wilmington, DE 19801

UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF DELAWARE
Robert J. Prettyman, AUSA
Chase manhattan Center
1201 Market Street, Suite 1100
P.O. Box 2046
Wilmington, DE 19801

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service, all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with the court.

I certify that this document was given to prison officials on March __31__, 2006 for forwarding to the court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C.§ 1746.

Christopher Clemons, Pro se
Reg. No.04164-015
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472



U.S. POSTAGE
PAID
WAYMART, PA
18472
APR 03 '06
AMOUNT
$0.00
0008381 4-08

UNITED STATES
POSTAL SERVICE

CERTIFIED MAIL™

7005 3110 0003 2050 6634

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7005 3110 0003 2050 6634

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
Judge Kent A. Jordan
J.Calleb Boggs Building
848 N. King Street
Wilmington,DE 19801

Christopher Clemons a/k/a Clinton
French Reg # 04164-015
USP Canaan
P.O. Box 300
Waymart, PA 18472