IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRISTOPHER CLEMONS,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Civil A. No. 03-319-KAJ
Crim. A. No. 99-82-KAJ

FILED
APR 18 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RD scanned

MOTION TO ALTER OR AMEND JUDGEMENT
PURSUANT TO RULE 59(a) AND (e) of the
Federal Rules of Criminal Procedure

CHRISTOPHER CLEMONS,
a.k.a. Clinton French
Reg. No. 04164-015
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRISTOPHER CLEMONS,
         Petitioner,

                       Civil A. No. 03-319-KAJ
                       Crim. A. No. 99-82-KAJ

     v.

UNITED STATES OF AMERICA,
         Respondent.

## MOTION TO AMEND OR ALTER JUDGMENT

NOW COMES PETITIONER, Christopher Clemons, Pro se (hereinafter petitioner) and respectfully moves this Honorable Court to alter or amend the denial of the habeas corpus §2255 which was ruled upon by this court on March 28, 2006.

The Court may open the judgment if one has been entered, take additional testimony (documentary evidence as well); amend the new findings and conclusions and direct the entry of a new judgment.

Due to the extensiveness of the arguments, the court's familiarity with the arguments and the limited amount of time to move for Certificate of Appealability, coupled with the fact that it is very unlikely petitioner would be granted an extension of time to file the C.O.A., petitioner

1

seeks to revisit only issue number six (6) within the judges opinion to illustrate and clarify the claims; making it discernible for the court.

Petitioner filed a supplemental attachment in support of the original memorandum due to several events which had transpired since the filing of the initial memorandum, which allowed petitioner to add additional evidence to support his argument.

The additional evidence received were numerous documents from several different agencies. The documents were from the files of each agency that took part in the investigation. The Federal Bureau of Investigation (FBI), Alcohol, Tobacco and Firearms (ATF), Drug Enforcement Agency (DEA), and a Multi-Jurisdictional Task Force (DJVCFTF).

The documents indicate that there was electronic surveillance used without first receiving proper authorization. Upon knowledge of this information petitioner filed a supplemental brief explaining that the Federal Rules of Criminal Procedure 18 U.S.C. § 2518 states in part that no electronic surveillance is permitted without a properly authorized application (in the instant case mobile tracking devices are governed under 18 U.S.C. § 3117).

Attached to the supplemental brief was an Appendix with a three page exhibit displaying how and when the investigating agencies sought and used an electronic tracking device on the vehicle which petitioner was driving.

The document was a copy of the FBI's surveillance of petitioner, which was titled Damon Smith, aka Clinton Fletcher.

Petitioner further explained within the supplemental brief that a duly authorized magistrate, properly notified of the need of such investigation, specifically informed of the basis on which it is to proceed, and clearly approved of the precise intrusion could constitutionally

2

authorize such a warrant with appropriate safeguards.

A federal court may empower agents to employ a concealed device for the" **narrow and particularized purpose of ascertaining the truth of the..... allegations**" of a detailed factual affidavit alleging the commission of a specific criminal offense. Id.

The Constitution requires that the deliberate, impartial judgment of a judicial officer be interposed between the citizen and the police and searches conducted outside the judicial process without prior approval by judge or magistrate are per se un reasonable under the Fourth Amendment.

In the present case the investigating agencies were required to receive judicial authorization before commencing to install the electronic tracking device (apart from the other electronic surveillance that was used) but completely ignored the procedures of antecedent justification which is central to the Fourth Amendment. The agents omission of such authorization completely by passed the safeguards provided by an objective predetermination of probable cause.

A judicial order could have accommodated the legitimate needs of the agencies by receiving authorization for the carefully limited use of electronic surveillance, "precise and discriminate circumstances" so no greater invasion of privacy would be permitted than was necessary under the circumstances.

The placing of the tracking device on defendant's car without judicial authorization and the use of it to explore details of petitoner's location and whereabouts which previously would have been unknown without physical intrusion, violated his Fourth Amendment constitutional rights, and his subjective expectation of privacy.

3

Petitioner asserts the following, to clarify the record for the court he has attached an Appendix to the reconsideration motion which will exhibit that the proper procedure for the use of electronic surveillance, which is to first receive judicial authorization was disregarded and the names Damon Smith, Clinton Fletcher, Doe Boy, Christopher Williams Clemons, and Chris Collins are all one in the same.

Exhibit 1 is the original authorization form which was filed with the supplemental brief showing how and when the tracking device was placed on petitioner's vehicle.

The bottom of page 2 of Exhibit 1 states, "As such, SAC authority is requested to place a beeper tracking device on the vehicle driven by Fletcher and in which he sold five (5) ounces of crack cocaine to the CW on 9/4/98. The vehicle is a 1993 Chevrolet Lumina registered in the name of ............. Delaware plate number.."

Movant asserts that all the court has to do is look to page one of the court's opinion and locate **section II "PROCEDURAL AND FACTUAL BACKGROUND"** and see that the original indictment stemmed from activities occurring on September 4, 1998, the same date in which petitioner is alleged to have sold a CW five (5) ounces of crack cocaine. Damon Smith, a/k/a Clinton Fletcher, Clinton French, DOEBOY, and Christopher Clemons are all one in the same.

Exhibit 2, which is a document received from the Federal Bureau of Investigation which indicate "**Title Change**" - CLINTON FRENCH, a/k/a/ Doughboy. **Synopsis**: Change of title."

The document further states in part "**Previous Title**: Title marked changed" to reflect actual name being used by main target. Changed from Clinton Fletcher title previously carried as Clinton Fletcher, a/k/a Doughboy..... Details: "During the course of the investigation it was

4

determined that the main target is using the name Clinton French."

This document verifies that Clinton Fletcher, Doeboy, and Clinton French are all one in the same.

Exhibit 3 are documents retrieved from the U.S. Department of Justice - Drug Enforcement Agency. Page five displays the two indictments which derived from the District Court of Delaware, and explains that these materials were processed from the DEA's system of records. Page six, line 8 shows petitioner's name, "Christopher Clemons" and line 10 depicts the alias names, "Clinton Fletcher, Chris Collins, Doeboy, etc. Page seven of Exhibit 3 attest to the fact that all reference is made to FBI reports under file number 166-BA-93962.

Exhibit 4 are documents which are also from the Federal Bureau of Investigation files. Specifically baltimore and DJVCFTF. Page eight reveals the same reference number 166 E -BA- 93962, as all of the other documents. Page nine states in part:

**Descriptive Data:**

Main Subject

Name
Last:       Smith
First:      Damon
Middle:
DDN:

Race:       B
Sex:        M

Alias(es):
Last:       Fletcher
First:      Clinton

Alias
Last:       Doeboy

5

This document makes evident that the reference number pertains to the following names: Damon Smith, Clinton Fletcher, Doeboy, Clinton French, Christopher Clemons, etc.; all who are one in the same.

Exhibit 5 are documents which indicate the number of two motor vehicles driven by petitioner (Doeboy). The first motor vehicle is listed as Delaware license plate 938504, which is a 1993 Chevrolet Lumina, and the second vehicle is a red Chevrolet Lumina plate number 601BH6 which has a South Carolina license plate. Page eleven of the document gives a brief detail of what vicinity the vehicles are normally parked in.

Petitioner asserts that Christopher Clemons, Christopher Collins, Clinton French, Clinton Fletcher, Damon, and Doeboy are all one in the same according to the official documents retrieved from the investigating agencies.

Petitioner further avers that page 3 of Exhibit 1 shows the year and make of the model supposedly driven by the main target of the investigation, and the vehicle in which the tracking device was placed on.

In order to show that these vehicles are one in the same, petitioner asks the court to look to Exhibit 5, page 10-11, which verify the same year and model as in Exhibit1. (Chevrolet Lumina 1993).

Petitioner asserts that he has made a substantial showing of the denial of a constitutional right, whether it was due to counsel's ineffectiveness for failing to file a motion of discovery and doing a thorough pre-trial investigation as stated within the § 2255 motion; or whether it was the United States attorney's office withholding of exculpatory evidence which deprived petitioner of a fair trial and violated his due process rights as stated within the supplemental brief.

Petitioner asserts in order to meet the requirements of a 59(e) motion to alter or amend judgment, first it must be filed in a timely manner, which is within 10 days of entry of judgment, and must satisfy the burden of showing that reconsideration is proper.

For example a party seeking to alter or amend judgment must establish one of the following grounds for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct the clear error of law or fact or prevent a manifest injustice." Max's Seafood Café, by Lou-Ann, Inc. V. Quinteros, 176 F3d 669, 677 (3d Cir. 1999)(citing North River Ins., Co. v. CIGNA Reinsurgence Co., 52 F3d 1194, 1218 (3d Cir. 1995).

Petitioner asserts that he has met the requirements for 59(e); specifically under prong three. In order to prevent a manifest injustice, he has presented factual documentary evidence that shows that Damon Smith a/k/a/ Clinton Fletcher, a/k/a/ Doeboy, a/k/a/ Christopher Clemons, a/k/a/ Chris Collins are all one in the same, and the vehicle in which the electronic surveillance was placed on without judicial authorization is the same vehicle supposedly driven by petitioner.

The documents demonstrate that the proper procedures were not carried out by the governmental investigating agencies. Moreover, the united states attorney's office never denied the fact that this illegal procedure occurred. AUSA Robert J. Prettyman simply took it upon himself not respond to the allegation in the initial answer and even after being granted an opportunity to file a second amended answer total disregarded the claim as if it were never raised by petitioner

For these reasons stated by petitioner the judgement in this case should be altered or amended and a evidentiary hearing should be ordered..

7

## CONCLUSION

For the foregoing reasons, petitioner, Christopher Clemons respectfully moves this Honorable Court to alter or amend the judgment made in its March 28, 2006 denial of petitioner's habeas corpus § 2255 motion.

Respectfully,

*Christopher C Clemons*
Christopher Clemons

# PROOF OF SERVICE

I certify that on ___April 11, 2006___ (date) I mailed a copy of this brief and attachments via first class mail to the following parties at the addressess listed below:

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE
Judge: Kent A. Jordan
J. Calleb boggs Building
848 N. King Street
Wilmington, DE 19801

UNITED STATES ATTORNEY's OFFICE
DISTRICT OF DELAWARE
Robert J. Pretty(AUSA)
Chase Manhattan Center
1201 Market Street, Suite 1100
P.O.Box 2046
Wilmington, DE 19899-2046

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on ___April 11, 2006___ (date) for forwarding to the Court.......... I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_Christopher Cleman_
Signature

Dated: __April 11, 2006__