IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DOE BOY, a/k/a CLINTON FRENCH          )
a/k/a CHRISTOPHER WILLIAMS             )
CLEMONS, a/k/a CHRIS CLEMONS,          )
a/k/a CHRIS COLLINS,                   )
                                       )
            Petitioner,                )
                                       )
v.                                     )          Civ. A. No. 03-319-GMS
                                       )          Cr. A. No. 99-82-GMS
                                       )
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )

**O R D E R**

At Wilmington this 12TH day of July , 2007;

IT IS ORDERED that:

1. *Pro se* petitioner Christopher Clemons' "Motion to Alter or Amend Judgment

Pursuant to Rule 59(a) and (e) of the Federal Rules of [Civil] Procedure" is DENIED. (D.I. 69.)

A Rule 59 motion should be granted to correct manifest errors of law or fact or to present newly

discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly,

a court may grant a motion for reconsideration pursuant to Rule 59 if the moving party shows

one of the following: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court issued its order; or (3) the need to correct a clear

error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d

669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,

1218 (3d Cir. 1995)). A motion for reconsideration is not appropriate to reargue issues that the

court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239,

1240 (D.Del. 1990).

On March 28, 2006, the Honorable Kent A. Jordan denied Clemons' motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. (D.I 80; D.I. 81.) In the instant motion for reconsideration, Clemons asks the court to re-visit Judge Jordan's denial of his fifth claim of ineffective assistance of counsel, which asserted that counsel provided ineffective assistance by failing to discover that the FBI failed to obtain judicial authorization to install an electronic tracking device on his automobile during its investigation of Clemons. Given the lack of clarity of the documents Clemons filed to support this claim, Judge Jordan denied the claim as unsupported by the record. Now, contending that he is correcting Judge Jordan's error in finding claim five unsupported by the record, Clemons has filed additional documents which purportedly demonstrate that the FBI did not follow the proper procedure for installing a tracking device in his automobile.

The documents offered by Clemons are dated September 9, 1998, and October 5, 1998, and contain statements regarding the FBI's intent to obtain "SAC authority to place a beeper tracking device on a vehicle driven by Clinton Fletcher [aka Dough Boy]." (D.I. 85, Exh. 1 at p. 1 and p. 4) The vehicle is identified as a "1993 Chevrolet Lumina registered in the name of BLANK [with] Delaware Plate number BLANK." *Id.* at p.2. The documents are not signed, presumably providing the reason for Clemons' contention that the FBI failed to obtain proper authorization to install a tracking device in his car.

After reviewing Clemons' documentary evidence, the court concludes that Clemons' "clarification" of the factual record does not warrant reconsideration of Judge Jordan's denial of claim six in Clemons' 2255 motion. Assuming the documents demonstrate a possible intent on

2

the part of the FBI to install a tracking device in a 1993 Lumina, the documents do not

demonstrate whether the tracking device was ever installed and, therefore, do not support

Clemons' argument that counsel's investigation was inadequate for failing to discover the use of

the tracking device.  Additionally, the charges against Clemons stemmed from drugs seized

subsequent to a valid and legal search of Clemons' black satchel while Clemons was in the

parking lot of his apartment building, as well drugs and paraphernalia seized from Clemons'

apartment; nothing was seized from any vehicle.  Thus, because these documents cannot help

Clemons demonstrate prejudice resulting from counsel's allegedly defective investigation, the

court concludes that reconsideration of the Memorandum Opinion denying Clemons' § 2255

motion is not warranted.

   2.  Christopher Clemons' motion to disqualify Judge Jordan from proceeding further in

this case is DENIED as moot.  (D.I. 83.)

UNITED STATES DISTRICT JUDGE

**F I L E D**

JUL 1 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3